IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JIMMY WAKEFIELD, )
    Plaintiff, ) Case No. 4:13-cv-339-WS-GRJ (FTCA) &
) Case No. _____ (Bivens);
v. )
) REQUEST TO AMEND
UNITED STATES OF AMERICA, ) AND JOIN ACTIONS
)
    Defendant. )

### MOTION FOR LEAVE TO JOIN PETITIONERS FTCA AND BIVENS COMPLAINTS AND TO FURTHER AMEND JOINED COMPLAINT ADDING ADDITIONAL FACTS AND PARTIES

    Plaintiff Jimmy Wakefield, a pro se prisoner currently in the custody of the Federal Bureau of Prisons, incarcerated at the United States Penitentiary Canaan in Waymart Pennsylvania, pursuant to Rules 15(a) and 19(a), Fed. R. Civ. P., requests leave to join and amend complaints adding facts and parties.

### PROPER AND ADDED DEFENDANTS PURSUANT TO BIVENS ACTION

    1. In the plaintiff's original civil rights (Bivens) complaint, he erroneously named the United States of America as defendant.

    2. Since the filing of the complaint, the plaintiff has determined that the proper defendants should be named. "Upon information and belief", as such:

        a) Warden Drew at U.S.P. Coleman II,
        b) Captain Williams at U.S.P. Coleman II,

- 1 -

    c) S.I.A. Noble at U.S.P. Coleman II,
    d) Lt. Phelps at U.S.P. Coleman II,
    e) Warden Faloney at F.D.C. Tallahasse,
    f) Assistant Warden Smith at F.D.C. Tallahasse,
    g) S.I.S. Folks at F.D.C. Tallahasse,
    h) Acting Capt. Wagner at F.D.C. Tallahasse,
    i) Lt. White at F.D.C. Tallahasse,
    j) Officer Chambers at F.D.C. Tallahasse,
    k) Officer Harvey at F.D.C. Tallahasse,
    l) Officer Inge at F.D.C. Tallahasse;
      **Defendants A-L, each in their individual capacity.

## JURISDICTION

3. The Court has jurisdiction over the plaintiff's claims of violation of federal constitution rights under 42 U.S.C. §§1331(1) and 1343, in that he brings claims alleging that his Fifth Amendment "Due Process Clause" rights, and his Eighth Amendment protections against "Cruel and Unusual Punishment" rights, have been violated.

4. This Court has supplemental jurisdiction over the plaintiff's Federal Tort Claims Act (FTCA) claim under 28 U.S.C. §§1346(b), 2671 et seq. in that the United States is liable for the petitioner's claim of negligence for that very issue is a tort in the state of Florida where the conduct occurred.

## FACTS

5. While being housed in the general population at U.S.P. ("United States Penitentiary") Coleman #2, a Muslim inmate assaulted a staff memeber in "I" block and the institution went on lock-

- 2 -

down.

6.  A few days into the lock-down, the Plaintiff was removed from his cell and escorted to the Lt. Office and told that he was being placed in the S.H.U. ("Special Housing Unit") under S.I.S. ("Special Investigative Supervisor") investigation. The Lt. could offer no reasons why.

7.  "Upon information and belief" the plaintiff was housed in the S.H.U. at U.S.P. Coleman #2 for approximately 4-6 weeks and "Upon information and belief" the investigation was pending his entire stay.

8.  Lt. Rogers approached the plaintiff's cell and asked if they would be willing to "trans-seg" to Coleman Low and remain in the S.H.U. at that facility. The plaintiff and his cellmate agreed to the move and per the Lt.'s instructions filled out an "Inmate Request" for the required move. That evening the plaintiff and his cellmate were told to pack their property and were then "trans-seged".

9.  However, the plaintiff and his cellmate were not "trans-seged" to Coleman Low, but rather to the S.H.U. at U.S.P. Coleman #1.

10. The plaintiff remained in "trans-seg" status while housed in the S.H.U. at U.S.P. Coleman #1, "Upon information

and belief", his entire stay there, which was approximately 6 months.

11.  During the plaintiff's stay in the S.H.U. at Coleman #1, though under S.I.S. investigation, which as he understands "upon information and belief" should never last more than 90 days, he never recieved an incident report.

12.  Plaintiff then asked Officer Ms. G. (her nickname and beginning of last name) what his status was and she told him that he was recommended for S.M.U. ("Special Management Unit") placement.

13.  Though plaintiff never recieved an incident report for any wrong doing, Case Manager Lee then confirmed while making rounds in the S.H.U. that the plaintiff has been submitted for S.M.U. placement.

14.  On an "Unknown" later date, the plaintiff was then told to pack his property; he was then "trans-seged" to F.D.C. ("Federal Detention Center") Tallahassee and placed in a unit that was operating as a S.H.U. holdover (complete lock-down).

15.  "Upon information and belief" the plaintiff was on "Trans-seg" status and had been "denied" acceptance into the S.M.U. when on Friday May 11, 2012, at approximately 9 AM, the plaintiff was handcuffed and taken out of his cell by Officer

Beach for recreational purposes; Officer Beach then hand-patted (searched) the plaintiff before escorting him to the front door of the unit; he then did a "cursory" wave over the petitioner with a hand held metal detecting wand.

16. Officer Harvey then escorted the Plaintiff from the front of the unit to the recreation cage; Inmates Voterburg and Lacy were already in the recreation cage and handcuffed.

17. Officer Harvey then placed the Plaintiff in the cage with inmates and Voterburg and Lacey and locked the cage door; The Plaintiff's handcuffs were first removed, then inmate Voterburg's, and last came inmate Lacy's; the Plaintiff then took off his jumpsuit and hung it on the fence.

18. Plaintiff moved to the fence and began a conversation with inmate Raimond who was in the next cage.

19. While speaking with inmate Raimond through the fence, the Plaintiff was cut accross the right side of his face, twice, from behind. "Upon information and belief" the plaitiff asserts he was cut with 2 razor blades that were melted into the handle of a tootbrush.

20. The plaintiff turned around and saw that both inmates were looking at him; the plaintiff backed up to the fence and called for the recreation officer, Ms. Inge.

21. When Ms. Inge arrived, the Plaintiff then asked her to call medical for him; Ms. Inge called the Operation's Lt., Mr. White, and was then escorted to medical.

22. P.A. ("Physician's Assitant") Perkins cleaned most of the blood off of the plaintiff and held pressure on his cuts until the E.M.T.'s ("Emergency Medical Technician") showed up and then placed him in the back of an ambulance and took him to Tallahassee Memorial Healthcare.

23. While at Tallahassee Memorial Healthcare, the Plaintiff recieved 258 stiches in the right side of his face (cheek) and his right ear (which was cut all the way through).

24. Plaintiff asserts that he is permantently scarred and will never look the same.

25. "Upon Information and Belief" in approximately the Month of November 2013 the Plaintiff was then transferred to a U.S.P. Canaan in Waymart Pennsylvania where he now is currently incarcerated.

26. During the month of April 2013, without notification or preparation, the plaintiff was placed in transit and transferred to F.D.C. Okalahoma City for a brief stay and then returned to F.D.C. Tallahassee.

27.             the Plaintiff was then taken from his cell to another office, by the Lt's Office, in which the following prison officials were present:

    a) Lt. S.I.S. Folk,
    b) Lt. White,
    c) United States Attorney "Unknown",
    d) F.B.I. Agent "Unknown".

28. During this meeting, the Prosecuting Attorney said that the plaintiff was brought to see if he would be willing to testify against his attackers; plaintiff politely refused for a number of reasons, first and foremost due to the inherent political atmosphere as relates to a prisoner's health and safety while incarcerated.

29. Plaintiff was then in transit for, "Upon information

and belief" for two months before getting back to U.S.P. Canaan; petitioner believes that the length of transit was retaliation due to refusing to aid legal pursuit and/or culpability of the petitioner's attackers.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

30. The Plaintiff asserts that he has exhausted his administrative remedies with respect to all claims and all defendants pursuant to his Bivens claim and his FTCA claim.

## CLAIMS FOR RELIEF

31. The actions of defendants Warden Drew, Captain Williams, S.I.A. Noble, and Lt. Phelps, denied the Plaintiff his "Due Process" rights under the Fifth Amendment in that he was placed in administrative detention without being given a reason nor an incident report and "Upon information and belief" in violation of B.O.P. policy; the plaintiff was further denied his "Due Process" rights when then never receiving a disciplinary/incident report was "trans-seged" from Coleman II to Coleman I, and continued to be housed in the S.H.U. under investigation; "upon information and belief" the plaintiff was was then submitted for S.M.U. placement (though never recieving an incident report nor a negative conclusion of an investigation).

32. After being "trans-seged" to F.D.C. Tallahasse, "Upon information and Belief" the plaintiff asserts that his "Due Process" rights under the Fifth Amendment continued to be violated in

- 8 -

that he continued to be held in administrative detention, though he had not recieved a disciplinary report, and that "upon information and belief" he had been denied referral to the S.M.U.

33. Plaintiff asserts that the violations of his Fifth Amendment rights to "due process" amounted to and culminated in the further violation of his Eight Amendment rights to protection against "cruel and unusual punishment" in that the incident which resulted in being attacked/assaulted would of never happened if his "due process" rights would of been recognized and given way to.

34. The actions of defendants Warden Faloney, Assistant Warden Smith, S.I.S. Folks, Acting Capt. Wagner, Lt. White, Officer Chambers, Officer Harvey, and Officer Inge, denied the plaintiff his protections against "Cruel and Unusual Punishment", specifically that those prison officials had a duty to protect the plaintiff from violence at the hands of other prisoners. **Farmer v. Brennan, 511 U.S. 825, 832, 128 L. Ed. 2d 811, 114 S. Ct. 1970 (1994).**

35. The plaintiff asserts that the actions of the prison officials created liability for the defendant The United States of America and that his claim brought under an FTCA action of negligence is a tort in the state of Florida. **Miles v. Naval Aviation. Inc., 289 F. 3d 715, 722 (11th Cir. 2002)** (citing 28 U.S.C. §2674); further, the duty and care implicated

by the plaintiff's claims were first and foremost created by 18 U.S.C. §4042.

## RELIEF REQUESTED

WHEREFORE, the plaitiff requests that the court grant the following relief:

- A. Award compensatory damages in the following amounts:
    1. $100,000 jointly and severally against defendants Warden Drew, Captain Williams, S.I.A. Noble, and Lt. Phelps for the violation of the plaintiff's "due process" rights which culminated in the physical and emotional injuries sustained as a result of the plaintiff's assault.
    2. $250,000 jointly and severally against defendants Warden Faloney, Assistant Warden Smith, S.I.S. Folks, Acting Captain Wagner, Lt. White, Officer Chambers, Officer Harvey, and Officer Inge for the violation of the plaintiff's "due process" rights and protections against "cruel and unusual punishment" in that their actions culminated in the physical and emotional injuries sustained as a result of the plaintiff's assault.
    3. $1,000,000 against the United States of America in that prison officials' actions of negligence under the FTCA and Florida State Law for Torts created liability for the defendant such as their actions culminated in the physical and emotional injuries sustained as a result of the plaintiff's assault
- B. Award punited damages in the following amounts:
    1. $50,000 each against defendants Warden Drew, Captain Williams, S.I.A. Noble, Lt. Phelps,

      2. $100,00 each againts defendants Warden Faloney, Assistant Warden Smith, S.I.S., Folks, Acting Capt. Wagner, Lt. White, Officer Chambers, Officer Harvey, and Officer Inge.

   C. Grant such other relief as it may appear that plaintiff is entitled.

Respectfully,

*Jimmy Wakefield*

Date: 12/2/2013

Jimmy Wakefield
U.S.P. Canaan
P.O. Box 300
Waymart, PA  18472

Pursuant to 28 U.S.C. 1746, I declare under penalty of perjury that the aforementioned motion 'Request to Amend and Join Actions' is true and correct.

*Jimmy Wakefield*
Jimmy Wakefield

Dated: 12/2/2013

- 11 -